**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| | : | |
| JON PAUL MOORE, | : | Civil No. 09-3663 (JAP) |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| EDMOND CICCHI, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

**APPEARANCES:**

> JON PAUL MOORE, #77540
> Middlesex County Adult Correctional Center
> P.O. Box 266
> New Brunswick, NJ 08903
> Plaintiff Pro Se

**PISANO**, District Judge

John Paul Moore, an inmate confined at Middlesex County Adult Correctional Center ("MCACC"), submitted to the Clerk for filing a pro se Complaint with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This Court will grant Plaintiff's application to proceed in forma pauperis, assess the $350.00 filing fee against Plaintiff, and collect the fee in installment payments pursuant to 28 U.S.C. § 1915. In accordance with the requirements of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court has screened the Complaint to identify cognizable claims and will dismiss the Complaint without prejudice to the filing of an amended complaint.

# I.  BACKGROUND

Plaintiff brings this action for violation of his constitutional rights pursuant to 42 U.S.C.

§ 1983 against 51 defendants.  Plaintiff sues MCACC, the Warden of MCACC, CFG Health

System, LLC, numerous corrections officers, 20 healthcare workers, and four doctors.  The

Complaint is 57 pages long, handwritten, single-spaced, and to a great extent illegible due to

Plaintiff's handwriting.  The statement of facts consists of legal conclusions interspersed with a

day-by-day diary accounting Plaintiff's experiences at MCACC since October 14, 2008.  The

factual statement begins as follows and continues in the same fashion for 39 pages, with each

page consisting of 35 single-spaced, handwritten, lines:

> Defendant violated Plaintiffs right to exercise religion by not
> providing dietary needs of Plaintiff by ignoring to respond to
> grievances; Defendant prevented plaintiff from petitioning the
> government for a redress by not ensuring a working efficient
> functional administrative grievance process by not answering
> grievances, violating plaintiff's Constitutional 1st Amendment
> rights.  14 Oct. 08 - Plaintiff returned from Court trip with diet
> issue.  Plaintiff informed c/o Murphy, Sgt. Weiss and Calvin
> Fischer, that plaintiff cannot accept deficient meals on religious
> grounds.  15-17 Oct. 08 - Plaintiff brought to Medical the issue
> being diet and medication (Sgt. Weiss, Sgt. Redding, Lt. Lasaga)
> Plaintiff refused to accept a deficient diet, the issue is religious, no
> reason to see a psychologist, will resume medication after a
> medication adjustment, only the psychiatrist can do that. [Plaintiff
> did not see psychiatrist] 16 Oct. 08 - Plaintiff weighed by medical -
> 196 lbs.  18 Oct. 08 - Plaintiff is outside recreation area with upper
> D pod participants.  c/o Murphy informed Plaintiff to go to
> medical.  Plaintiff responded, "There is no psychiatrist after 4 pm."
> c/o Murphy said I have to go.  Plaintiff responded "I can refuse
> treatments, I did not ask to go."  c/o  Graffagmino said I have to go
> to medical.  Plaintiff responded, "No I don't ."  c/o  Graffagmino
> responded you'll go one way or another.  Plaintiff accepted this
> offer.  Plaintiff sat Indian style legs crossed and closed his eyes and
> began to pray.  c/o  Graffagmino and c/o Fogarty applied physical
> force immediately followed by chemical force against the Plaintiff

> who was passive and non-threatening not disrupting the security of the facility.  c/o Graffagmino and c/o Fogarty was not authorized to use chemical force.  Plaintiff was brought to medical to see Dr. Batinelli. [No psychiatrist was present and this was the reason to force plaintiff to medical]  19 Oct. 08 - Plaintiff requested to see internal Affairs.  Plaintiff requested treatment for injuries.  Nurse Angela refused to treat injuries.  Internal Affairs did not respond.  Medical did not treat injuries.  20 Oct. 08 - Plaintiff requested to see Internal Affairs.  20 Oct. 08 - Dr. Hume falsified report.  Plaintiff did not meet with psychiatrist.  20 Oct. 08 - Plaintiff taken to Courtline.  Disciplinary committee violates due process procedures . . . .

(Docket entry #1 at p. 11.)

Plaintiff repeats the aforesaid events and dates, then continues to present an almost daily diary.  He alleges that he submitted grievances about harassment, grievance about medical requests, grievances about Internal Affairs, and grievances about grievances.

## II.  STANDARD FOR DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. § 1915A(a).  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b).  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

3

As for failure to state a claim, the Supreme Court recently refined the standard in

Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules

of Civil Procedure which provides that a complaint must contain "a short and plain statement of

the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).[1]  Citing its

recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that

"[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the

Court identified two working principles underlying Twombly:

> First, the tenet that a court must accept as true all of the allegations
> contained in a complaint is inapplicable to legal conclusions.
> Threadbare recitals of the elements of a cause of action, supported
> by mere conclusory statements, do not suffice . . . .  Rule 8 . . . does
> not unlock the doors of discovery for a plaintiff armed with
> nothing more than conclusions.  Second, only a complaint that
> states a plausible claim for relief survives a motion to dismiss.
> Determining whether a complaint states a plausible claim for relief
> will . . . be a context-specific task that requires the reviewing court
> to draw on its judicial experience and common sense.  But where
> the well-pleaded facts do not permit the court to infer more than
> the mere possibility of misconduct, the complaint has alleged - but
> it has not "show[n]" - "that the pleader is entitled to relief."  Fed.
> Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S. Ct. at 1949-1950 (citations omitted).

The United States Court of Appeals for the Third Circuit instructed District Courts how

to conduct the failure to state a claim analysis under Iqbal:

> First the factual and legal elements of a claim should be separated.
> The District Court must accept all of the complaint's well-pleaded
> facts as true, but may disregard any legal conclusions.  Second, a

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed. R. Civ. P. 8(d).

> District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief.  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to show such an entitlement with its facts.

Fowler v. UPMC Shadyside, __ F. 3d __, 2009 WL 2501662 at *5 (3d Cir. Aug. 18, 2009) (citations and internal quotation marks omitted); see also McTernan v. City of York, __ F. 3d __, 2009 WL 2581430 at *8-*9 (3d Cir. Aug. 24, 2009).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).  Moreover, the Third Circuit instructs that a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).  With these precepts in mind, the Court will determine whether the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III.  DISCUSSION

The Complaint in this case is 57 pages long, single-spaced.  Plaintiff brings claims against 51 defendants who had some role in his confinement over the past year, including the Warden, corrections officers, disciplinary committee members, doctors, and healthcare workers.  The rambling, repetitive, and confusing Complaint charges some defendants with failing to provide a religious diet, others with harassment, others with failing to provide adequate legal access, others with taking him to the medical department, others with failing to provide medical care, others with violating his due process rights, others with failing to respond to grievances,

and others with failing to create an efficient system for processing grievances.  The Complaint is laden with legal conclusions and, while Plaintiff describes daily life in prison in minute detail, he fails to establish even one plausible claim for relief.  The Complaint fails to satisfy the requirement of Rule 8(a)(2) that it set forth "a short and plain statement of the claim" and the requirement of Rule 8(d)(1) that "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2) & (d)(1).  See McNeil v. United States, 508 U.S. 106, 113 (1993) (procedural rules in civil litigation should not be interpreted so as to excuse mistakes by those who proceed without counsel); Salahuddin v. Cuomo, 861 F. 2d 40, 42 (2d Cir. 1988) (affirming dismissal of pro se civil rights complaint naming numerous defendants, setting forth numerous causes of action, and numbering 15 pages and 88 paragraphs); Burks v. City of Philadelphia, 904 F. Supp. 421, 424 (E.D. Pa. 1995) (pleading which represented a "gross departure from the letter and the spirit of Rule 8(a)(2)" in failing to contain a short and plain statement of claims struck by District Court).  This Court will accordingly dismiss the Complaint for failure to comply with Rule 8(a)(2) and (d)(1).  The dismissal is without prejudice to the filing of an amended complaint, within 30 days of the date of the entry of the Order accompanying this Opinion, which sets forth a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), under Iqbal and contains allegations that are "simple, concise and direct," Fed. R. Civ. P. 8(d)(1).[2]

---

[2] Plaintiff should note that once an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint].  6 Wright, Miller & Kane, Federal Practice and Procedure:  Civil 2d § 1476 (1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and

(continued...)

Plaintiff is cautioned, however, that if he elects to file an amended complaint, then the amended complaint must also comply with Rule 20(a)(2) of the Federal Rules of Civil Procedure, which limits the joinder of defendants, and Rule 18(a), which governs the joinder of claims.  <u>See</u> Fed. R. Civ. P. 18(a), 20(a)(2).  Rule 20(a)(2) provides:  "Persons . . . may be joined in one action as defendants if:  (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2)(A) and (B).  Rule 18 (a) provides : "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  Wright & Miller's treatise on federal civil procedure explains that, where multiple defendants are named, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action.  It is not concerned with joinder of claims, which is governed by Rule 18.  Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18 . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all . . .

Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, 7 <u>Federal Practice & Procedure Civil 3d</u> §1655; <u>compare</u> <u>United States v. Mississippi</u>, 380 U.S. 128, 143 (1965) (where county

---

[2](...continued)
explicit.  <u>Id.</u>  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  <u>Id.</u>

registrars were alleged to be carrying on activities which were part of a series of transactions or

occurrences the validity of which depended upon questions of law or fact common to all of them,

joinder of registrars in one suit as defendants was proper under Rule 20(a)) with Ross v. Meagan,

638 F. 2d 646, 650 n.5 (3d Cir. 1981), overruled on other grounds by, Neitzke v. Williams, 490

U.S. 319, 328 (1989) (joinder of defendants is not permitted by Rule 20 unless both commonality

and same transaction requirements are satisfied).

In this case, Plaintiff may not name more than one defendant in his amended complaint

unless one claim against each additional defendant is transactionally related to the claim against

the first defendant, and involves a common question of law or fact.  See Fed. R. Civ. P. 20(a)(2).

As the United States Court of Appeals for the Seventh Circuit recently explained, a prisoner may

not join in one case all defendants against whom he may have a claim, unless he or she satisfies

the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A
> against Defendant 1 should not be joined with unrelated Claim B
> against Defendant 2.  Unrelated claims against different defendants
> belong in different suits, not only to prevent the sort of morass that
> this 50-claim, 24-defendant suit produced but also to ensure that
> prisoners pay the required filing fees - for the Prison Litigation
> Reform Act limits to 3 the number of frivolous suits or appeals that
> any prisoner may file without prepayment of the required fees.  28
> U.S.C. § 1915(g) . . .
>
> A buckshot complaint that would be rejected if filed by a free
> person - say, a suit complaining that A defrauded the plaintiff, B
> defamed him, C punched him, D failed to pay a debt, and E
> infringed his copyright, all in different transactions - should be
> rejected if filed by a prisoner.

George v. Smith, 507 F. 3d 605, 607 (7th Cir. 2007).

8

Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action [but o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.  In the event that Plaintiff improperly joins defendants in an amended complaint contrary to Rule 20(a)(2), this Court will drop the defendants who are not properly joined pursuant to Rule 21, without prejudice to Plaintiff's bringing one or more new actions against the improperly joined defendant(s).[3]

### III.  CONCLUSION

For the reasons set forth above, the Court will dismiss the Complaint because it does not comply with Rule 8.  The dismissal is without prejudice to the filing of an amended complaint which complies with Rules 8 and 20(a)(2), within 30 days of the date of the entry of the Order accompanying this Opinion.


/s/ Joel A. Pisano
**JOEL A. PISANO, U.S.D.J.**


Dated: September 24, 2009

---

[3] Plaintiff is reminded that, if a prisoner has had three prior civil actions or appeals dismissed by a federal court as frivolous, malicious, or for failure to state a claim upon which relief may be granted, then he may not proceed in forma pauperis in any new action unless the complaint shows that Plaintiff is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

9