NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

JON PAUL MOORE,

              Plaintiff,

         v.

EDMOND CICCHI, et al.,

              Defendants.

:
:
:
:
:
:
:
:
:
:
:
:

Civil No. 09-3663 (JAP)


**OPINION**

---

**APPEARANCES:**

> JON PAUL MOORE, #77540
> Middlesex County Adult Correctional Center
> P.O. Box 266
> New Brunswick, NJ 08903
> Plaintiff Pro Se

**PISANO**, District Judge

John Paul Moore, an inmate confined at Middlesex County Adult Correctional Center ("MCACC"), filed a pro se Complaint. By Order and Opinion entered September 25, 2009, this Court granted his application to proceed in forma pauperis and dismissed the Complaint for failure to comply with Rule 8(a)(2) and (d)(1) of the Federal Rules of Civil Procedure, without prejudice to the filing of an amended complaint that complies with the Federal Rules of Civil Procedure. On October 13, 2009, Plaintiff filed an Amended Complaint [docket entry #4]. This Court will reopen the file and, having screened the Amended Complaint to identify cognizable claims, will dismiss the Amended Complaint for failure to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

# I.  BACKGROUND

Plaintiff, a pretrial detainee incarcerated at Middlesex County Adult Correctional Center

("MCACC"), brings this Amended Complaint alleging violation of his constitutional rights

pursuant to 42 U.S.C. § 1983 against Edmond Cicchi, Warden of MCACC, and Joyce Pirre,

Director of Program Services at MCACC.  Plaintiff asserts the following facts:

> Warden Cicchi did not respond to grievances submitted by me
> from the period of 14 October 2008 through 16 March 2009 . . . .
>
> Warden Cicchi did not provide a level of appeal to grievances.  I
> appealed grievances to the Office of the Inmate Advocacy and the
> Office of the Corrections Ombudsman.  The Office of Inmate
> Advocacy no longer exists.  The Office of Corrections
> Ombudsman only assists state inmates.  I am a detainee.  I
> contacted Warden Cicchi for an audience.  Warden does not
> respond to letters.
>
> Director Pirre did not respond to grievance[s] submitted by me
> from the period of 14 October 2008 through 16 March 2009, as the
> Warden's designee.  Director Pirre returned several grievances
> with "Director Program Services" in place of the Warden's
> signature . . . .
>
> Director Pirre did not provide a level of appeal to grievances . . . .
> I have contacted Director Pirre regarding the appeal process.
> Director Pirre does not respond.  Director Pirre does not respond to
> letters or requests to appear in person before the classification
> committee.
>
> I have no adequate remedy to redress these wrongs.  Upon
> information and belief each defendant violated my rights under the
> First Amendment to the U.S. Constitution.

(Docket entry #4 at pp. 8-9.)

Plaintiff seeks the following relief:

> I ask the court to order the defendants to stop violating my rights.  I
> ask the court to order the defendants to address my grievances.  I

2

> ask the court to order the defendants to address my injuries and
> other pre-existing conditions.  I ask the court for a declaration that
> the acts and omissions described violated my rights.  I ask the court
> for compensatory and punitive damages any additional relief the
> court deems just, proper and equitable.

(Docket entry #4 at p. 10.)

## II.  STANDARD FOR DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat.

1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as

practicable after docketing, to review a complaint in a civil action in which a plaintiff is

proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or

entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte

dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on

which relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief.  Id.  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations

describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see

also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

Addressing the clarifications as to the litigant's pleading requirement stated by the United

States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Court of Appeals

for the Third Circuit provided the district courts with guidance as to what pleadings are sufficient

to pass muster under Rule 8.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir.

2008).  Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a
> plaintiff's obligation [is] to provide the 'grounds' of his
> 'entitle[ment] to relief' . . . ." Twombly, 127 S. Ct. at 1964-65 . .

3

."[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 1966. [Hence] "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965 & n.3.

Id. at 230-34 (original brackets removed).

This pleading standard was further refined by the United States Supreme Court in its recent decision Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

> [In any civil action, t]he pleading standard . . . demands more than an unadorned ["]the-defendant-unlawfully-harmed-me["] accusation. [Twombly, 550 U.S.] at 555 . . . . A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Id.] at 555. [Moreover,] the plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Id. [Indeed, even w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, [the so-alleging complaint still] "stops short of [showing] plausibility of 'entitlement to relief.'" Id. at 557 (brackets omitted). [A fortiori,] the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [or to t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements [, i.e., by] legal conclusion[s] couched as a factual allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement [or] that [defendants] adopted a policy "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." . . . . [W]e do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of [these] allegations . . . that disentitles them to the presumption of truth. . . . [Finally,] the question [of sufficiency of] pleadings does not turn [on] the discovery process. Twombly, 550 U.S.] at 559 . . . . [The plaintiff] is not entitled to discovery [where the complaint asserts some wrongs] "generally," [i.e., as] a conclusory allegation [since] Rule 8 does not [allow] pleading the bare elements of [the] cause of action [and] affix[ing] the label "general allegation" [in hope of developing actual facts through discovery].

4

Iqbal, 129 S. Ct. at 1949-54.

The Third Circuit observed that Iqbal hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was applied to federal complaints before Twombly. See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). Since Iqbal, the Third Circuit has required the district courts to conduct, with regard to Rule 8 allegations, a two-part analysis when reviewing a complaint for dismissal for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [See Iqbal, 129 S. Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief" [in light of the definition of "plausibility" provided in Iqbal.] In other words, a complaint must do *more than allege the plaintiff's entitlement to relief*. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the *mere possibility of misconduct, the complaint has alleged-but it has not 'show'[n]'-'that the pleader is entitled to relief*.'" Iqbal, [129 S. Ct. at 1949-50 (emphasis supplied)]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-11 (emphasis supplied).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007).

---

[1] The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

With these precepts in mind, the Court will determine whether the Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III.  DISCUSSION

Plaintiff complains that defendant prison officials violated his constitutional rights, in particular the First Amendment, by failing to respond to his grievances and letters, and failing to provide a means of administratively appealing the failure to respond and/or denial of his grievances and letters.  However, "the First Amendment does not impose any affirmative obligation on the government to listen, to respond or . . . to recognize [a grievance]."  Smith v. Ark. State Highway Employees, Local 1315, 441 U.S. 463, 465 (1979); see also Minnesota State Bd. for Community Colleges v. Knight, 465 U.S. 271, 285 (1984) ("[This] Court rejected due process as a source of an obligation to listen.  Nothing in the First Amendment or in this Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications"); San Filippo v. Bongiovanni, 30 F. 3d 424, 437 (3d Cir. 1994) ("the petition clause does not require the government to respond to every communication that the communicator may denominate a petition").  Moreover, to the extent Plaintiff seeks to assert a constitutional claim based on the government's failure to provide an administrative appeal or to comply with prison regulations requiring an administrative appeal process, this claim also fails.  "Prisoners do not have a constitutional right to prison grievance procedures.  Thus, defendants' alleged obstruction of such procedures is not independently actionable."  Heleva v. Kramer, 214 Fed. App'x 244, 247 (3d Cir. 2007) (citing Massey v. Helman, 259 F. 3d 641, 647 (7th Cir. 2001)); see also Pressley v. Johnson, 268 Fed. App'x 181, 184 (3d Cir. 2008) ("Pressley also complained about the

6

investigation and processing of his inmate grievances.  Because there is no due process right to a prison grievance procedure, Pressley's allegations did not give rise to a Fourteenth Amendment violation"); Stringer v. Bureau of Prisons, 145 Fed. App'x 751, 753 (3d Cir. 2005).  Accordingly, inmate grievance procedures which may set forth or specify an administrative appeal do not give rise to a liberty interest protected by the Due Process Clause.  See Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam); Mann v. Adams, 855 F.2d 639 (9th Cir.) (per curiam), cert. denied, 488 U.S. 898 (1988).[2]  Thus, defendants' failure to properly respond to and process Plaintiff's administrative remedies and administrative appeals is not actionable under § 1983.  As it does not appear that Plaintiff could state a claim regarding the failure to respond to grievances and/or to provide an administrative appeal under § 1983 by adding additional factual allegations or naming additional defendants in a second amended complaint, this Court will not grant leave to amend.

### III.  CONCLUSION

For the reasons set forth above, the Court will dismiss the Amended Complaint.


/s/ Joel A. Pisano
**JOEL A. PISANO, U.S.D.J.**


Dated:  April 26, 2010

---

[2] "Process is not an end in itself.  Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement. . . .  The [government] may choose to require procedures for reasons other than protection against deprivation of substantive rights, of course, but in making that choice [it] does not create an independent substantive right." Olim v. Wakinekona, 461 U.S. 238, 250-251 (1983); see also Hewitt v. Helms, 459 U.S. 460, 469 (1983) ("we have never held that statutes and regulations governing daily operation of a prison system conferred any liberty interest in and of themselves").